# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01560-CMA-MJW

SUNRISE MEDICAL (U.S.) LLC,

        Plaintiff,

v.

PERMOBIL HOLDING AB, PERMOBIL AB
and PERMOBIL INC.,

        Defendant(s).

---

**STIPULATION AND PROTECTIVE ORDER**
( Docket No 18-1 )

---

The parties anticipate that the discovery, pretrial, and trial phase of this action may involve disclosure of trade secrets and other confidential and proprietary business, technical, financial, and personal information; and the parties desire to protect the confidentiality of such information without limiting discovery herein. Accordingly, the parties jointly request that the Court enter the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree that this Stipulation shall be binding when signed by the parties' counsel, regardless of whether or when the Court enters the Protective Order herein.

## Protective Order

1.  Proceedings and Form of Information Governed.

This Stipulation and Protective Order shall govern any document, information, or other thing, including information in electronic form, furnished by any party or nonparty to any party in connection with the discovery and pretrial phase of this action. The form of information protected includes, but is not limited to, deposition testimony and exhibits and all copies of extracts, summaries, compilations, designations, and portions thereof, and responses to requests to produce documents or things, interrogatories, requests for admissions, and third-party subpoenas.

2.  "Confidential Information" Defined.

The term "Confidential Information" is defined to include non-public documents, material, or testimony:

(a) Constituting and/or relating to:

(i) trade secrets, and/or other sensitive information which tend to give the possessing party a competitive business advantage;

(ii) business strategies, decisions, and/or negotiations;

(iii) financial, budgeting, and/or accounting information;

(iv) marketing studies, proformas, projections, and similar information relating to the value and/or potential value of stock, capital assets, science and technology, and/or other assets or liabilities; and/or

(v) other confidential or proprietary information, including technical information, of or concerning the parties, any of their parents, subsidiaries,

operations, related entities, or employees, third parties with whom they have had business relationships and/or engaged in business negotiations, and/or any of their subsidiaries, operations, and/or related entities, or employees (the foregoing collectively referred to as "Affiliates");

(b) Identifying any existing or potential customer and/or business associate (by name, address, transaction, or any other identifying characteristic) of parties and/or Affiliates;

(c) Containing information about compensation, deferred or incentive compensation, stock options or stock holdings, net worth, assets and liabilities, employment, work evaluations, personal habits, and/or other personal or confidential information relating to parties and/or Affiliates;

(d) Containing personal journals, diaries, calendars, and/or other personal records of the parties and/or Affiliates; or

(e) Comprising confidential Information of another in a party's possession protected from disclosure pursuant to a written agreement of confidentiality.

3. <u>Designation of Information for Protection Under This Protective Order.</u>

Any information produced in this action that is reasonably believed by the producing party to contain Confidential Information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." Such designation may be made by stamping or otherwise marking the material prior to production as follows: "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

In the case of written material, documents, or tangible items, the designation "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be made at or prior to the time the party receiving the information ("the receiving party") is provided a copy of the information. In lieu of marking the originals or documents, the party may mark the copies that are produced or exchanged.

A producing party shall designate information as "CONFIDENTIAL" only upon a good faith belief that such information meets the definitions set forth in Paragraph 2 (a) through (e), above and, moreover, constitutes sensitive proprietary or personal information. A producing party shall designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only upon a good faith belief that such information meets the definitions set forth in Paragraph 2 (a) through (e), above and, moreover, constitutes information of such a sensitive proprietary or personal nature that the producing party is justified in employing this more exacting designation, the parties recognizing that the use of such designation may tend to impede case preparation due to the restrictive scope of disclosure permitted under Paragraph 5, below.

In the case of deposition testimony, a party seeking to invoke the protection of this Protective Order as to CONFIDENTIAL or "CONFIDENTIAL – FOR COUNSEL ONLY" information shall give prompt notice thereof, either at the deposition or within fourteen (14) calendar days after receipt by the designating party of the transcript of the deposition. In the event such notice is given, the provisions of Paragraphs 11 and 12 below shall apply.

If a party through inadvertence produces or provides discovery of any Confidential Information without first labeling, marking, or designating it as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," then the producing party may thereafter give written notice within twenty (20) calendar days of discovery of such inadvertent production or provision of discovery to the receiving party or parties that the document, thing, transcript, or other embodiment of Confidential Information is "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such document, thing, transcript, or other Confidential Information accordingly from the date such notice is received. Disclosure of such document, thing, transcript, or other embodiment of Confidential Information prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order or a waiver of the confidential status of the information; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" and must be treated in accordance with this Protective Order. The provisions of paragraph 10 of this Protective Order shall apply in the event of any disputes with respect to the propriety or correctness of the designation of the information.

4. <u>Disclosure of "CONFIDENTIAL" Information.</u>

All documents, information, or other things designated "CONFIDENTIAL" may be disclosed by the receiving party to and only to:

(a) The attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

(b) Court personnel, court reporters, and videographers involved in this action;

(c) Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them;

(d) The parties themselves in this action, and officers, directors, and employees of a party in this action;

(e) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure; and

(f) The author or recipient of the "Confidential Information."

5. Disclosure of "CONFIDENTIAL – FOR COUNSEL ONLY" Information.

All documents, information, or other things designated "CONFIDENTIAL – FOR COUNSEL ONLY" are included within the meaning of Confidential Information as used in this Protective Order, and all the provisions set forth in this Protective Order that apply to Confidential Information also apply to material designated "CONFIDENTIAL – FOR COUNSEL ONLY." Notwithstanding any other provision of this agreement,

however, access to documents, information, and other things designated "CONFIDENTIAL – FOR COUNSEL ONLY" shall be limited to persons referred to in subparagraphs 4(a), (b), (c), (e), and (f) above and shall not be disclosed to persons referred to in subparagraph 4(d).

6. Declarations.

Each person referred to in Paragraphs 4 or 5 hereof to whom Confidential Information is to be given, shown, disclosed, made available, or communicated in any way, except the parties' counsel and employees of such counsel, and except clerical and stenographic personnel falling within Paragraphs 4(a) or (b) above, shall first be furnished with a copy of this Protective Order and shall execute a declaration in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and the counsel disclosing the Confidential Information to such individual(s) shall retain copies of all such declarations. No person shall review any Confidential Information prior to agreeing to be bound by the terms of this Protective Order.

7. Use of Confidential Information.

Confidential Information shall be used by the receiving party and approved persons to whom it is disclosed solely in preparation for discovery, trial, or settlement of this action, or for use at trial and in any appellate proceeding concerning this action (or related litigation between the parties ). Confidential Information shall not be used by such party or persons for any business or other purpose or disclosed to any person or entity not entitled under this Protective Order to receive it, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

8.  Court Procedures.

Pleadings that contain or annex Confidential Information shall be filed in sealed envelopes on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the words "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," and a statement substantially in the following form:

> "This sealed container filed in this case, Sunrise Medical (U.S.) LLC v. Permobil Holding AB, et al., Civil Action No.: 11-CV-01560-CMA-MJW, contains confidential materials generally identified as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." Pursuant to the Protective Order herein, this envelope shall not be opened nor the contents thereof revealed except by the Court, including court personnel as necessary for handling of the matter, or as directed by further Order of the Court. After any such opening or revelation, the envelope shall be resealed with the contents inside."

Any court hearing which refers to or describes Confidential Information shall in the Court's discretion be held *in camera*. The party asserting Confidential Information shall have the burden of requesting an *in camera* hearing.

In accordance with D.C. Colo.LCivR 7.2, any document filed under seal by a party shall be sealed for fourteen (14) days. If no motion to seal is filed within fourteen (14) days, the document shall be automatically unsealed. Any motion to seal shall address at least a) the nature of the material or the proceeding at issue; b) the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought; c) the clearly defined and serious injury that would result if the relief sought is not granted; and d) why a less restrictive alternative to the relief sought is not practicable or would not adequately

protect the interest in question (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits).

9. Party's Own Information.

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a nonparty in connection with this action. A party is free to do as it wishes with its own information, but in the event a party possesses Confidential Information of another pursuant to a written confidentiality agreement, the party requesting such information shall not be entitled to discover such information without the consent of the other or upon further order of the Court.

10. Removal.

A party may seek the removal from particular items of the "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designations. In such event, the following procedure shall apply:

The party or person seeking such removal shall give counsel of record for the party asserting the protection written notice thereof, supported by the reason therefor specifying the document, information, or other thing as to which such removal is sought.

If the parties cannot reach agreement concerning the matter within seven (7) calendar days after delivery (or in the case of mail, receipt) of the notice, or such shorter time as the Court may allow, then the party seeking the removal of the "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designations may file and serve a motion for an order of this Court for appropriate relief. Such motion must be

filed and served within ten calendar days after the expiration of the seven-day period referred to previously. The parties agree that they will take all steps necessary to assure that any such motion is fully briefed and presented to the Court in the most expeditious fashion reasonably possible under the circumstances.

The party seeking to protect the information and/or document has the burden, in any such motion, to establish the appropriateness of the protection sought.

11.   Depositions.

Information that is a) disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation, and/or b) protected by a contractual or statutory confidentiality provision (regardless of the identity of the deponent) may be designated as Confidential by indicating on the record at the deposition that the testimony is Confidential and subject to the provisions of this Order. A party may also designate information disclosed at such deposition as Confidential by notifying all parties, in writing, of the specific pages and lines of the transcript that are Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. Unless otherwise designated before, all depositions shall be treated as CONFIDENTIAL—FOR COUNSEL ONLY for a period of at least thirty (30) days after a full and complete transcript of said deposition is available.

12. <u>Exclusion From Deposition.</u>

Whenever any documents, information, or other things designated as "CONFIDENTIAL – FOR COUNSEL ONLY" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL – FOR COUNSEL ONLY."

13. <u>Subpoenas.</u>

In the event any person or party having possession, custody, or control of any Confidential Information receives a subpoena, or other process or order to produce such information, such person or party shall immediately (and in any event early enough to allow ample time to oppose the attempt) notify in writing the attorneys of record of the party claiming such confidential treatment of the item, document, or information sought by such subpoena, process, or order, shall furnish those attorneys of record with a copy of said subpoena, process, or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process, or order until the court has ruled upon the motion, and then only in accordance with the ruling so made. If no such motion is made by the party asserting confidentiality despite a reasonable opportunity to do so, the person or party receiving the subpoena,

process, or order shall be entitled to comply with it, provided it has fulfilled its obligations hereunder.

14.  **No Waiver.**

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets or other Confidential Information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a party of the necessity of proper response to discovery devices.

15.  **No Probative Value.**

This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or other person or entity with respect to any Confidential Information. The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative as to a trier of fact's consideration of what might be considered confidential or proprietary. Subject to the provisions of Paragraph 10, this Protective Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information is or is not confidential; (ii) whether any particular information

or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced in discovery or at trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

16.   Return of Information.

Within sixty (60) days after the conclusion of this action whether by judgment and exhaustion of all appeal rights, or by settlement, all Confidential Information and all documents which reflect such information shall be (i) delivered to the party that furnished such Confidential Information, or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. The attorneys of record shall ensure that all the Confidential Information in the possession, custody, or control of their experts and consultants is also destroyed or returned to the party that furnished such Confidential Information, for return to the producing party or destruction by the receiving party. In no event shall a party, its experts or consultants retain a copy of Confidential Information produced to it. Notwithstanding the foregoing, counsel of record in this action may retain one copy of:

(1) all pleadings, motions, and briefs (including supporting or opposing memoranda and exhibits), filed with the Court and/or served upon opposing counsel; (2) one copy of each transcript of any depositions (and summaries thereof) taken in this action, including all exhibits thereto; (3) all documents or other materials marked as trial exhibits; and (4) all notes, summaries, descriptions, abstracts, or other work product materials prepared in anticipation of or for use in the present action; provided, however that access to confidential information contained in any of the materials identified in subparagraphs (1) through (4), above, shall be limited to counsel of record for their own internal use, and that such information shall not be provided to any non-party without the express prior written permission of counsel of record for the opposing party or pursuant to court order.

In addition, after conclusion of this matter as described above, each party that has filed with the Court any documents or other items designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall promptly take action (1) to retrieve them from the Court in accordance with Court's rules then in effect regarding such documents or other items, and (2) to return or destroy them as required above.

17.   Non-Parties.

At the request of a non-party who produces documents or testimony in the case, and who is willing to be bound by the terms of this Protective Order, the terms of this Protective Order will be applied to protect the confidentiality of any documents or information supplied by that third party in the course of this litigation so long as such

third party designates the documents or information as confidential consistent with the terms of this Protective Order.

18. Court's Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of "CONFIDENTIAL" information and "CONFIDENTIAL – FOR COUNSEL ONLY" information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order until Termination of this Case. [handwritten insertion]

19. Privileged Documents.

If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information, and all copies thereof, within (10) days of (a) discovery by the receiving party of the inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

-15-

**AGREED AND STIPULATED:**

s/David J. Sheikh
Plaintiff's Counsel

s/Patrick J. Arnold, Jr.
Defendants' Counsel


**SO ORDERED:**

Dated: September 22, 2011

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-CV-01560-CMA-MJW

| SUNRISE MEDICAL (U.S.) LLC | |
|---|---|
| Plaintiff, | **DECLARATION OF** |
| v. | _____ |
| PERMOBIL HOLDING AB, PERMOBIL AB and PERMOBIL INC., | **Exhibit A** |
| Defendants. | |

I, _____ , declare that:

1. My home address is _____ , and the address of my present employer is _____ .

2. My present occupation or job description is _____ .

3. I am assisting counsel for _____ in the above-captioned matter.

4. My relationship to plaintiff/defendant(s) is _____ .

5. I have received a copy of the Stipulation and Protective Order (the "Protective Order") in this action.

6. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

7. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as confidential information in a container, cabinet, drawer, room, password protected if an electronic file, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things which come into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, 20__, in the State of _____.

_____