IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01560-CMA-MJW

SUNRISE MEDICAL (US) LLC,

Plaintiff(s),

v.

PERMOBIL HOLDING AB,
PERMOBILE AB, and
PERMOBIL INC.,

Defendant(s).

---

## ORDER REGARDING
## PLAINTIFF SUNRISE'S MOTION TO COMPEL DISCOVERY FROM PERMOBIL
## (DOCKET NO. 25)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff Sunrise's Motion to Compel Discovery from Permobil (docket no. 25). The court has reviewed the subject motion (docket no. 25), the response (docket no. 28), and the reply (docket no. 30). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

Plaintiff Sunrise seeks an Order from this court compelling Defendant Permobil to supplement its response to Plaintiff Sunrise's Interrogatory No. 10 and to respond fully to Plaintiff Sunrise's Request for Production of Documents Nos. 6, 9, and 11.

This is a declaratory judgment and patent infringement case involving the 307

Patent which covers a seat and base for a power wheelchair. Plaintiff Sunrise contends that the 307 Patent is invalid and not infringed. Defendant Permobil's counterclaim alleges patent infringement. In the counterclaim, Defendant Permobil contends that Plaintiff Sunrise's acts of infringement have been wilful. Defendant Permobil further contends in its counterclaim that it is entitled to an injunction and damages, including treble damages and attorney's fees, for Plaintiff Sunrise's infringement. Defendant Permobil seeks a declaratory judgment from this court of non-infringement and invalidity. Defendant Permobil also contends that its wheelchairs have been and are commercially successful because of the patented features of its seats (as opposed to its unpatented bases), and that all or a portion of the profit generated by sales of its wheelchairs is attributable to the patented features of it seats (as opposed to its unpatented bases).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to

3

> any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. That as to Plaintiff Sunrise's Interrogatory No. 10, Defendant Permobil's objection that such Interrogatory is premature and calls for legal conclusions is overruled, noting the counterclaim brought by Defendant Permobil; and

6. That as to Plaintiff Sunrise's Requests for Production of Documents

4

("RFP") 6, 9, and 11, they seek information showing unit and dollar sales and profitability of Defendant Permobil's wheelchairs that use the patented seat design, and linking the sales and profitability to specific seat/base combinations.  I find that the information sought in Plaintiff Sunrise's RFPs Nos 6, 9, and 11 are discoverable and directly relevant to whether any commercial success of the Defendant Permobil's wheelchairs is attributable to features other than the patented seat - e.g., features provided by the different bases used with the patented seat.  Such information is necessary to determine what profits, if any, are attributable to the patented seat as opposed to the base.  Plaintiff Sunrise's RFPs Nos. 6, 9, and 11 seek information concerning sales and profitability of Defendant Permobil's seat/base combinations.  See Ormco Corp. v. Align Technology, Inc., 463 F.3d 1299, 1312 (Fed. Cir. 2006) (holds that to rebut a claim that the patented invention is invalid as obvious [a claim that Plaintiff Sunrise makes in this suit], commercial success must be due to the patented features and cannot be due to unpatented features).  Lastly, regarding Defendant Permobil's argument that such information requested outlined above is "highly sensitive," I find that such information can be adequately protected per the protective order (docket no. 21) entered by this court on September 23, 2011.

5

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff Sunrise's Motion to Compel Discovery from Permobil (docket no. 25) is **GRANTED**. Defendant Permobil shall provide to Plaintiff Sunrise a supplemental response to Plaintiff Sunrise's Interrogatory No. 10 on or before February 24, 2012. Defendant Permobil shall fully respond to Plaintiff's Sunrise's Requests for Production of Documents 6, 9, and 11 on or before February 24, 2012;

2. That the responses to the above discovery requests shall be subject to the written protective order (docket no. 21) entered by this court on September 23, 2011; and

3. That each party shall pay their own attorney fees and costs for this motion. I find that under the facts and circumstances of this discovery dispute an award of expenses would be unjust.

Done this 7th day of February 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE